# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:05CR00073 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DOYLE STUART STEELE**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Harry Tun and Daniel K. Dorsey, Washington, D.C., for Defendant; Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia, for United States of America.*

The defendant, Doyle Stuart Steele, is charged by indictment for possession with intent to distribute controlled substances and making false statements under oath. The defendant has filed a pretrial Motion to Suppress, which has been briefed and is ripe for decision. For the reasons stated below, I will deny the motion.[1]

The government submits that the defendant practiced medicine in Las Vegas through June of 2005. On June 14, 2005, a grand jury of this court, investigating drug trafficking crimes alleged to have been committed by the defendant and a confederate, caused the issuance of a subpoena duces tecum to the custodian of Dr.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Steele's office, requesting the medical records of nine individuals. The defendant appeared as record custodian, at which time he was hand-delivered a letter notifying him that he had been designated a target of the grand jury's investigation. The letter further notified the defendant of his right to an attorney, who would be required to remain outside the courtroom but whom the defendant was permitted to consult with during reasonable intervals during his testimony. The letter also advised the defendant of his right not to answer questions that might incriminate him.

Upon appearing before the grand jury, the defendant was sworn, advised that he was under investigation for violation of narcotics laws, and reminded of his right to refuse to answer questions tending to incriminate him and his right to reasonably consult with an attorney outside the courtroom during his testimony.

The defendant now moves to suppress the his grand jury testimony, alleging that his rights under the Fifth and Sixth Amendment were violated because of inadequate advisement by the government. I find that the warnings were constitutionally adequate and deny the defendant's Motion to Suppress.

The Supreme Court in *United States v. Mandujano*, 425 U.S. 564, 579 (1976), recognized a distinction between a suspect under interrogation in police custody and a witness brought before a grand jury. While a suspect in police custody faces a risk of coercion sufficient to warrant the warnings required under *Miranda*, a witness

Case 1:05-cr-00073-JPJ-PMS   Document 50   Filed 06/21/06   Page 2 of 3   Pageid#: 169

before a grand jury faces a much-diminished risk. *See id*. Therefore, *Miranda* warnings are not required for grand jury appearances, even if the witness is himself under investigation. *Id*. at 580. Thus, the Fifth Amendment protections against self-incrimination arising under *Miranda* do not apply and the defendant was not entitled to such warnings during his grand jury testimony.

The defendant's Sixth Amendment claim is likewise without merit. A defendant's Sixth Amendment right to counsel does not attach until criminal proceedings have been instituted against the defendant. *United States v. Gouveia*, 467 U.S. 180, 187 (1984). Grand jury proceedings do not fall within this standard. *United States v. Williams*, 504 U.S. 36, 49 (1992). Thus, at the time the defendant appeared before the grand jury in this case, his Sixth Amendment right to counsel had not yet attached.

. For the foregoing reasons, the Motion to Suppress is DENIED.

ENTER: June 21, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 3 -